**ÆTNA LIFE INS. CO. OF HARTFORD, CONN. v. ACKER.**

**No. 6463.**

Circuit Court of Appeals, Third Circuit.

Dec. 28, 1937.

Paul Reilly, of Philadelphia, Pa., for appellant.

Oscar Bregman and Eugene D. Salus, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Lillian A. Acker brought suit against the Aetna Life Insurance Company (hereafter called Aetna) and recovered a verdict as beneficiary on a group policy of insurance by that company issued. The facts were not disputed, the court gave binding instructions for plaintiff, and Aetna took this appeal.

The facts of the case are that Aetna issued a group insurance policy in which it agreed "to pay an amount to be determined in accordance with the insurance schedule shown on the seventh page of this policy, on due proof of the death of any insured member of Swift & Company Employes' Benefit Association." In accord with the above, Aetna issued to George W. Acker, the beneficiary's husband, a certificate reciting that "under and subject to the terms and conditions of said policy and riders and the application or applications therefor, the life of George W. Acker, a member, is insured for the sum of four thousand dollars." The usual course of premium payment was that the association deducted the premium of each employee from his wages and paid the total of all to Aetna at the end of the month. Following that course, the insured's premiums had been collected up to October 26, 1935. He died on November 3, 1935, and at that time no payment was in arrear, and he had $13.66 wages unpaid him, which wages the association could have applied to the next premium payment thereafter falling due. On these facts the beneficiary showed a prima facie case entitling her to recover unless Aetna showed a defence. Its defence was that on October 31, 1935, the deceased had been discharged from the association and was not protected by the policy.

Now, as correctly stated by the trial judge, "there is no question that upon his death the rights of his beneficiary became fixed, and that nothing done thereafter by the Association or the defendant without

her knowledge and consent could change or impair them in any way. Ozanich v. Metropolitan Ins. Co., 119 Pa.Super. 52, 60 [180 A. 67, 576]." Hence, whether or not this insurance was in force when Acker died depends upon two things, first, the meaning of the termination clause of the certificate; and, second, what was done by the association before his death, it being conceded that no party other than the association did anything.

The termination clause in the certificate is: "This insurance may, at the option of the Association, be terminated whenever said Member for any reason whatsoever ceases to be in the employ of Swift and Company and/or its Subsidiaries or Affiliated Companies, and shall be terminated upon withdrawal from Swift & Company Employes Benefit Association or upon failure of the Member to make the required premium contribution."

From the agreement it will be seen that the clause, "This insurance may, at the option of the Association, be terminated whenever said member for any reason whatsoever ceases to be in the employ of Swift and Company", gave the association an option to terminate the insurance, but it is clear that at the time of Acker's death the association had not exercised such possible option or given notice to Aetna. It follows, therefore, that, so far as Aetna and the association are concerned, the insurance which Acker had paid up to October 26th, and in the absence of any then existing obligation of Acker to pay any premium, the insurance, so far as the above exemption is concerned, continued in force.

The option further provided that "this insurance may," at the option of the association, "be terminated upon withdrawal from Swift and Company Employes' Benefit Association." But, so far as this provision is concerned, at the time of Acker's death, the association had not exercised or indeed taken any step toward its exercise. So far as this clause of the exemption is concerned, the insurance of Acker remained in force when he died.

The exemption clause further provided that "this insurance may at the option of the Association be terminated * * * upon failure of the member to make the required premium contribution." But at the time of Acker's death it is not shown that he was in default in any premium payment, and in point of fact at the time of his death he had earned wages of $13.66, which sum was in the possession of Swift & Co., and on which up to that time neither Swift & Co., nor the association had taken any action whatever.

So far, therefore, as this optional provision is concerned, the existing insurance on the part of Aetna remained in force. Moreover, it would seem that the general purpose of this exemption clause was intended for the relief of Swift & Co. from becoming liable on its obligation to pay recurring premiums. So far as Aetna was concerned, the group insurance was in force. At the time of Acker's death, neither he or the association had signified to Aetna any purpose to terminate the insurance, and, in view of these facts, the court committed no error in directing the jury to find for the plaintiff.